UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
AT CHATTANOOGA

BRIAN MALDONADO )
) No. 1:09-cv-202/1:07-cr-146
v. ) *Judge Edgar*
)
UNITED STATES OF AMERICA )

**MEMORANDUM**

Defendant Brian Maldonado ("Maldonado") has filed a *pro se* motion for post-conviction relief pursuant to 28 U.S.C. § 2255 (Criminal Court File No. 412).[1] Maldonado pleaded guilty to Count One of a thirty-nine-count indictment for his role in a conspiracy to distribute cocaine hydrochloride and marijuana. The government opposes the § 2255 motion (Criminal Court File No. 442).

Maldonado claims his criminal defense attorney rendered ineffective assistance when counsel represented him in his criminal proceeding. Maldonado raises the following specific claims:

- Counsel failed to thoroughly investigate the facts and file a sentencing memorandum regarding the quantity of narcotics attributed to him and the four-level leadership role enhancement and;
- Counsel failed to thoroughly discuss the plea agreement with him; and
- Counsel failed to file an appeal.

The motion, together with the files and record in this case, conclusively show Maldonado is entitled to no relief under 28 U.S.C. § 2255. For the reasons which follow, the Court has determined a hearing is not necessary and concludes that the § 2255 motion lacks merit and will be denied.

---

[1] Each document will be identified by the Court File Number assigned to it in the underlying criminal case.

## I. PROCEDURAL BACKGROUND

On November 14, 2007, a grand jury sitting for the Eastern District of Tennessee, Chattanooga Division, filed a thirty-nine count indictment charging Maldonado and fifteen codefendants for their role in a conspiracy to distribute cocaine hydrochloride and marijuana. Maldonado was charged with conspiracy to distribute five kilograms or more of cocaine hydrochloride and 100 kilograms or more of marijuana, in violation of 21 U.S.C. §§ 846 and 841(a)(1), (b)(1)(A) and (B) (Count One) and fifteen counts of use of a telephone to facilitate a conspiracy to distribute controlled substances, in violation of 21 U.S.C. § 843(b) (Counts Two through Five, Eight, Ten through Sixteen, Eighteen, Nineteen, and Twenty-Two) (Criminal Court File No. 1).

On April 15, 2008, Maldonado, pleaded guilty to Count One of the indictment pursuant to a plea agreement (Criminal Court File Nos. 232-Minute Entry; 233-Plea Agreement). The punishment for this offense dictated a mandatory minimum sentence of imprisonment of ten years up to life, a fine of up to $4,000,000.00, at least five years of supervised release, and a $100 special assessment. In consideration of Maldonado's guilty plea, the United States agreed to move the Court at the time of sentencing to dismiss the remaining count(s) against him. The parties agreed that the appropriate disposition of this case would be that the Court may impose any lawful term of imprisonment up to the statutory maximum, any lawful fine up to the statutory maximum, any lawful term of supervised release, a special assessment fee as required by law, and the Court may order forfeiture as applicable and restitution as appropriate.

Maldonado, his attorney Bill Killian, and Assistant United States Attorney Perry H. Piper signed this plea agreement. The plea agreement indicates that Maldonado read

2

Case 1:07-cr-00146-CLC-SKL   Document 543   Filed 08/07/12   Page 2 of 13   PageID #: 3724

the indictment, discussed the charges and possible defenses with his attorney, and understood the crime(s) charged (Criminal Court File No. 233, ¶ 3). In addition to agreeing and stipulating to the facts contained in the plea agreement that satisfied the elements of the crime charged, Maldonado waived his rights to appeal and collaterally attack the conviction and a sentence imposed within the applicable guideline range except under very limited circumstances (Criminal Court File No. 233 ¶ 14 (a) & (b)).

Maldonado was sentenced to 188 months' imprisonment on July 17, 2008, and judgment was entered on the same day (Criminal Court File Nos. 326—Minute Entry, 338—Judgment). On July 23, 2009, Maldonado timely filed the instant § 2255 motion (Criminal Court File No. 412).

## II.     STANDARD OF REVIEW

This Court must vacate and set aside a sentence if it finds that "the judgment was rendered without jurisdiction, or that the sentence imposed was not authorized by law or otherwise open to collateral attack, or that there has been such a denial or infringement of the constitutional rights of the prisoner as to render the judgment vulnerable to collateral attack, . . ." 28 U.S.C. § 2255.

When the defendant files a § 2255 motion, he must set forth facts which entitle him to relief. *Green v. Wingo*, 454 F.2d 52, 53 (6th Cir. 1972); *O'Malley v. United States*, 285 F.2d 733, 735 (6th Cir. 1961). "Conclusions, not substantiated by allegations of fact with some probability of verity, are not sufficient to warrant a hearing." *O'Malley*, 285 F.2d at 735 (citations omitted). A motion that merely states general conclusions of law without substantiating allegations with facts is without legal merit. *Loum v. Underwood*,

3

262 F.2d 866, 867 (6th Cir. 1959); *United States v. Johnson*, 940 F. Supp. 167, 171 (W.D. Tenn. 1996).

To warrant relief under 28 U.S.C. § 2255 because of constitutional error, the error must be one of constitutional magnitude which had a substantial and injurious effect or influence on the proceedings. *Brecht v. Abrahamson*, 507 U.S. 619, 637 (1993)(citations omitted)(§ 2254 case); *Clemmons v. Souders*, 34 F.3d 352, 354 (6th Cir. 1994); *see also United States v. Cappas*, 29 F.3d 1187, 1193 (7th Cir. 1994)(applying *Brecht* to a § 2255 motion.) If the sentencing court lacked jurisdiction, then the conviction is void and must be set aside. *Williams v. United States*, 582 F.2d 1039, 1041 (6th Cir.), *cert denied*, 439 U.S. 988 (1978). To warrant relief for a nonconstitutional error requires a showing of a fundamental defect in the proceeding that resulted in a complete miscarriage of justice or an egregious error inconsistent with the rudimentary demands of fair procedure. *Reed v. Farley*, 512 U.S. 339, 354 (1994); *Grant v. United States*, 72 F.3d 503, 506 (6th Cir.), *cert. denied,* 517 U.S. 1200 (1996).

Further, a § 2255 motion is not a substitute for a direct appeal and it cannot do service for an appeal. *Bousley v. United States*, 523 U.S. 614, 621 (1998); *United States v. Timmreck*, 441 U.S. 780, 784 (1979); *Grant v. United States*, 72 F.3d at 506; *United States v. Walsh*, 733 F.2d 31, 35 (6th Cir. 1984). Thus, a § 2255 motion may not be used to litigate the issues that should have been presented and decided on direct appeal unless (1) cause is shown for the tardy challenge and (2) actual prejudice resulting from the error is demonstrated. *United States v. Frady*, 456 U.S. 152, 167-68 (1982). Alternatively, a defaulted claim may be raised if a defendant shows that he is actually innocent of the crime. *See Bousley*, 523 U.S. at 622.

4

## III. FACTS

The undisputed facts underlying Maldonado's offenses are summarized in the Presentence Investigation Report ("PSR") prepared by the United States Probation Office:

> 43. Maldonado was a member of a conspiracy to distribute large quantities of cocaine hydrochloride and marijuana in the Eastern District of Tennessee and elsewhere. Prior to January, 2006, and continuing through January, 2007, Mr Maldonado and several others would pool their money, travel from Cookeville/Crossville, Tennessee area to the metropolitan Atlanta, Georgia area to purchase both cocaine and marijuana. The main source of supply for the cocaine and marijuana in Atlanta was co-defendant Kirk Spence, also known as "Cato." The conspirators traveling from the Cookeville/Crossville area would frequently obtain one kilogram of cocaine or more per trip, and they would also obtain 50 to 100 pounds of marijuana per trip. Mr. Maldonado has traveled from Middle Tennessee to Atlanta himself, but others also made the trip for the purpose of purchasing the drugs. Mr. Maldonado acted as a leader to Antwan Darty, Brian Matheny, Michael Smith and others in that he directed their sale(s) of illegal substances. The defendant would also receive portions of the profits from the sale of illegal substances. The defendant and others would frequently discuss their drug distribution activities over the telephone.
>
> 44. After obtaining the drugs in Atlanta, the defendant (or whoever was making the trip) would then travel back to the Cookeville/Crossville area. During the trips both to and from Atlanta, the members of the conspiracy would travel through the Eastern District of Tennessee. The drugs obtained in Atlanta would then be distributed by the defendant and others. Numerous individuals involved in the conspiracy would receive drugs from the defendant and would distribute those drugs in Cookeville and Crossville areas. Mr. Maldonado would frequently "front" (provide on consignment) drugs to other conspirators. Those other conspirators would then sell the drugs and pay the defendant for the drugs, which had been fronted. Some of the drugs obtained by the defendant and others in Atlanta would actually be distributed in the Eastern District of Tennessee, most notably in Knox and Rhea Counties.

(PSR, at 8-9).

## IV. ANALYSIS

The Court discerns that Maldonado raises three alleged instances of ineffective assistance of counsel in his § 2255 motion. Specifically, Maldonado claims that counsel failed to thoroughly investigate and file a sentencing memorandum contesting the facts relative to the quantity of narcotics attributed to him as well as the four-level leadership role enhancement; discuss the plea agreement with him resulting in an unknowing plea; and file an appeal. After analyzing the applicable law, the Court will address the allegation of an unknowing plea before addressing the two other claims raised by Maldonado.

The Sixth Amendment provides, "[i]n all criminal prosecutions, the accused shall enjoy the right . . . to have the Assistance of Counsel for his defence." U.S. Const. amend. VI. This right extends beyond the mere presence of counsel to include "reasonably effective assistance" of counsel. *Strickland v. Washington*, 466 U.S. 668, 687-88 (1984). To establish a claim of ineffective assistance, Maldonado must demonstrate two essential elements: (1) that counsel's performance was deficient, that is, below the standard of competence expected of attorneys in criminal cases; and (2) that counsel's deficient performance prejudiced the defense, i.e. deprived the defendant of a fair trial, rendering the outcome of the trial unreliable. *Id*. at 687-88.

With regard to plea proceedings, Maldonado must show that but for counsel's deficient performance, he would not have pleaded guilty. *Hill v. Lockhart*, 474 U.S. 52, 58-59 (1985). To demonstrate a reasonable probability that he would have gone to trial, a defendant is required to present evidence apart from a lone assertion that but for counsel's error he would have pleaded not guilty and gone to trial. *See Parry v.*

6

*Rosemeyer*, 64 F.3d 110, 118 (3rd Cir.1995). Under *Strickland,* review should be deferential and maintain a strong presumption in favor of finding counsel's conduct within the wide permissible range of reasonable professional assistance. *Strickland*, 466 U.S. at 689.

As an initial matter, the Court observes that Maldonado has failed to meet the prejudice prong as to any of his claims because he never alleges that "but for counsel's errors, he would not have pleaded guilty and would have insisted on going to trial." *Hill v. Lockhart*, 474 U.S. at 59. Furthermore, as explained below, Maldonado has failed to demonstrate counsel was ineffective.

### A. Knowing, Voluntary Plea

On April 15, 2008, Maldonado entered a guilty plea to Count One of the indictment charging that from January 2006, until January, 2007, he conspired with his co-defendants and others to distribute five kilograms or more of a mixture and substance containing a detectable amount of cocaine hydrochloride, and 100 kilograms or more of a mixture and substance containing a detectable amount of marijuana in violation of Title 21 U.S.C. § 846 (Criminal Court File No. 232). In his § 2255 motion Maldonado now claims that his plea was not a knowing, voluntary, and intelligent admission or guilty plea because counsel "dropped the Plea Agreement off" to him and instructed him to read it himself. Maldonado claims his and his mother's attempts to contact counsel regarding Maldonado's lack of understanding of the provisions of the plea agreement were ignored, thus denying him the benefit of knowingly signing the plea agreement (Criminal Court File No. 413). Notably, Maldonado does not identify which provisions of his plea agreement he did not understand.

Maldonado is bound by his sworn statements that he made under penalty of perjury before the Court during his rearraignment proceedings (Criminal Court File No. 434, Rearraignment Transcript). "Solemn declarations in open court carry a strong presumption of verity," *Blackledge v. Allison*, 431 U.S. 63, 74 (1977), and where, as here, "the court has scrupulously followed the required procedure [under Rule 11], the defendant is bound by his statements in response to that court's inquiry." *Baker v. United States*, 781 F.2d 85, 90 (6th Cir. 1986)(citation and internal quotation marks omitted); *see also United States v. Rennick*, 219 Fed. Appx. 486 (6th Cir. 2007) (same).

Maldonado's assertions in his § 2255 motion are belied by the record. The record of Maldonado's court appearance during his rearraignment proceeding clearly shows that Judge Edgar asked Maldonado, before accepting his plea, whether he had an opportunity to discuss the case thoroughly with his attorney, and whether he was satisfied with his representation so far to which he answered, "yes" to both inquiries under oath (Criminal Court File No. 434, at 4). In addition, the Court specifically asked Maldonado if he read his plea agreement and discussed it with counsel, to which he responded "[y]es sir[,]" to each question (Criminal Court File No. 434, at 10). Consequently, the record clearly refutes Maldonado's claim that counsel refused to review his plea agreement with him and, as a result of counsel's alleged deficiency he entered an unknowing, involuntary, and unintelligent plea. Accordingly, Maldonado is not entitled to relief on this involuntary, unknowing plea claim and relief will be **DENIED**.

### B. Counsel's Alleged Failure to Investigate and File Sentencing Memorandum Contesting the Quantity of Drugs and Role Enhancement

Although short on facts as Maldonado failed to make any allegations in his § 2255 motion (Criminal Court File 412), instead referring the Court to his supporting

8

memorandum which includes more law than factual allegations to support his motion (Criminal Court File No. 413), the Court discerns Maldonado asserts counsel failed to thoroughly investigate the quantity of drugs and his role in this case and submit a sentencing memorandum contesting both the quantity of drugs and his role enhancement.

As the Government points out, Maldonado has not identified any evidence that counsel would have discovered had he conducted further investigation. A petitioner must set forth adequate facts in his § 2255 petition to warrant relief. *See, e.g., Green v. Wingo*, 454 F.2d 52, 53 (6th Cir. 1972) ("Conclusions, not substantiated by allegations of fact with some probability of verity, are not sufficient to warrant a hearing"). Unless Maldonado can demonstrate that counsel would have discovered information useful to his defense, he cannot establish *Strickland* prejudice.

As part of Maldonado's plea agreement, he agreed he conspired with others to distribute five kilograms *or more* of a mixture and substance containing cocaine hydrochloride (Criminal Court File No. 233) (emphasis added). The plea agreement specified that prior to January 2006, and continuing through January 2007, Maldonado would travel to Atlanta to purchase both cocaine and marijuana, frequently obtaining one kilogram or more of cocaine per trip and 50 to 100 pounds of marijuana per trip (Criminal Court File No. 233, at 3, ¶ 4). The probation officer concluded, as reflected in the presentence investigation report ("PSR"), that "Maldonado can be attributed with at least 50 kilograms of cocaine and at least 100 kilograms of marijuana." (PSR, at 9, ¶ 45).

9

Here, Maldonado has failed to identify one ground upon which counsel could have contested the quantity of drugs or Maldonado's role enhancement.[2] Indeed, Maldonado does not claim there was an error in the calculation, contest the amount of drugs attributed to him, or state the amount for which he admits responsibility. Rather, he simply claims counsel failed to investigate the drug amounts and make some unidentified argument contesting the amount attributed to Maldonado in a sentencing memorandum.

This factually baseless claim is insufficient to demonstrate counsel performed deficiently. The Court is not aware of, nor has Maldonado asserted any basis for objecting to the drug quantity. In sum, not only has Maldonado failed to demonstrate counsel performed deficiently, he has not shown any "reasonable probability that, but for counsel's errors, he would not have pleaded guilty and instead would have insisted on going to trial." *Short v. United States*, 471 F.3d 686, 691-92 (6th Cir. 2006) (quoting *Hill v. Lockhart*, 474 U.S. 52, 59 (1985)); *see also Davis v. United States*, No. 93-2566, 1994 WL 533062, at *2 (6th Cir. 1994) (rejecting ineffectiveness claim absent proof that, had counsel "properly investigated facts," defendant would have insisted on going to trial rather than pleading guilty). Consequently, Maldonado has failed to show counsel was ineffective when he failed to contest the drug quantity.

---

[2] Notably, counsel did notify the Court, during sentencing, that "there were disputes about the amount, there is still disputes about the amount. I think that it's a situation where Mr. Maldonado honestly believed that he was not personally associated with certain amounts and certain other defendants, and that there is acts of these other defendants that he actually may not know about." (Criminal Court File No 432, at 4, Sealed Transcript). Counsel apparently concluded that there was not a legitimate basis upon which to object to the drug quantity. Nevertheless, even if counsel's performance was deficient in the respect, Maldonado has not provided anything from which the Court is able to infer he may have suffered some prejudice.

10

Maldonado's claim that counsel failed to investigate and contest his role in the offense is, likewise, factually unsupported. Maldonado received a four-level leadership role enhancement. Maldonado was involved in a drug trafficking conspiracy that involved at least sixteen individuals including himself (he and fifteen others were charged in the instant indictment). Maldonado and at least fifteen other individuals supplied cocaine hydrochloride and marijuana to the Cookeville/Crossville area for at least a year. Maldonado stipulated that he obtained drugs from an Atlanta source and provided it to other individuals for resale, often on consignment (Criminal Court File No. 333, at3, ¶ 4). United States Sentencing Guidelines §3B1.1(a) provides: "If the defendant was an organizer or leader of a criminal activity that involved five or more participants or was otherwise extensive, increase by 4 levels." As previously noted, this conspiracy involved more than five participants. Therefore, Maldonado's role of fronting drugs to other conspirators and collecting his money after the conspirators sold the drugs he fronted to them demonstrates he was a leader or organizer within the meaning of U.S.S.G. §3B1.1(a); this claim lacks merit.

Accordingly, Maldonado's claim that counsel failed to investigate the drug amount and his role in the offense and file a sentencing memorandum contesting those two factors is without merit and will be **DENIED** .

### C. Direct Appeal

Maldonado claims counsel denied him of his right to appeal. Initially, the Court notes Maldonado waived his right pursue a direct appeal of his conviction and sentence unless his sentence was not within the applicable guideline range (Criminal Court File No. 233, at 8, 20 14(a). That waiver was contained in the plea agreement signed by

11

petitioner and was specifically acknowledged by him during the Rule 11 hearing (Criminal Court File No. 434, at 12-13). It is well established that a criminal defendant may waive any right, even a constitutional right, via a plea agreement, and a waiver provision in a plea agreement is enforceable. *See United States v. Fleming*, 239 F.3d 761, 763-64 (6th Cir. 2001); *United States v. Ashe*, 47 F.3d 770, 775-76 (6th Cir. 1995). Thus, "[a] defendant's informed and voluntary waiver of the right to collaterally attack a conviction and sentence is enforceable." *In re Acosta*, 480 F.3d 421, 422 (6th Cir. 2007).

Maldonado claims "counsel's deficient performance actually deprived him of the right to appeal." This claim is without merit. "A lawyer who disregards specific instructions from a defendant to file a notice of appeal acts in a manner that is professionally unreasonable." *Regaldo v. United States*, 334 F.3d 520, 524-25 (6th Cir. 2003)(citing *Roe v. Flores-Ortega*, 528 U.S. 470, 477 (2000)). Moreover, where counsel fails to file an appeal after being specifically instructed to do so, a defendant is entitled to appeal, regardless of whether an appeal would be meritorious. *Roe*, 528 U.S. at 477; *accord Ludwig v. United States*, 162 F.3d 456, 459 (6th Cir. 1998). Maldonado has not alleged that he instructed counsel to file a notice of appeal. Moreover, Maldonado signed an appeal waiver in his plea agreement, and specifically discussed that waiver with the Court during his plea colloquy. The Court explained to Maldonado that he did not have to agree to waive his right to appeal but that is what he agreed to in his plea agreement. The Court further explained the waiver provision meant he could not appeal if he was sentenced within his Guidelines range. Maldonado acknowledged he understood he did not have to waive his appeal rights but he was doing so pursuant to the plea agreement (Criminal Court File No. 434, at 12). Consequently, the transcript reveals Maldonado's

12

Case 1:07-cr-00146-CLC-SKL  Document 543  Filed 08/07/12  Page 12 of 13  PageID #: 3734

responses under oath verify he voluntarily waived his right to file a direct appeal. Here, Maldonado's sentencing guideline range was 235 to 293 months (PSR, at 15, ¶ 87), and he was sentenced to 188 months imprisonment. Consequently, he was not permitted to pursue a direct appeal.

Accordingly, because Maldonado voluntarily waived his right to appeal and he was sentenced below his Guideline range, he will be **DENIED** relief on his claim that counsel failed to file a direct appeal.

## V. Conclusion

For the reasons set forth above, the Court concludes Maldonado is not entitled to any relief under 28 U.S.C. §2255 as his conviction and sentence are not in violation of the Constitution or laws of the United States. A separate judgment will enter **DENYING** Maldonado's §2255 motion (Criminal Court File No. 412).

An appropriate judgment will enter.

*/s/ R. Allan Edgar*
R. ALLAN EDGAR
UNITED STATES DISTRICT JUDGE